**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

ROBERT J HALL,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
　　　　　　　　　Plaintiff,　　　　　　）
　　　　　　　　　　　　　　　　　　　）
　　　　　　v.　　　　　　　　　　　　）　　Case No. 5:23-cv-06082-RK
　　　　　　　　　　　　　　　　　　　）
PAUL WOODRUFF,　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
　　　　　　　　　Defendant.　　　　　）
　　　　　　　　　　　　　　　　　　　）

## ORDER

Before the Court is Defendant Paul Woodruff's motion for summary judgment.  (Doc. 60.) The motion is fully briefed.  (Docs. 61, 62, 63, 64, 71.)  After careful consideration and review, and for the reasons explained below, the Court **ORDERS** that (1) Counts 1 and 2 are **DISMISSED** (based on official immunity) following the Eighth Circuit's opinion in the interlocutory appeal, and (2) as to Count 4, Defendant Woodruff's motion for summary judgment (based on qualified immunity), (Doc. 60), is **GRANTED**.

### Discussion

Plaintiff filed this civil suit seeking damages after Defendant Woodruff, a former corrections officer with the Missouri Department of Corrections ("MDOC"), placed another inmate—Ahmad Townsend—in Plaintiff's cell whom Plaintiff had identified as an "enemy."  Mr. Townsend promptly attacked Plaintiff, causing physical and emotional injuries.  Plaintiff asserts two claims against Defendant Woodruff under Missouri common law—Count 1 (negligence) and Count 2 (negligent infliction of emotional distress)—and one claim under 42 U.S.C. § 1983— Count 4 (violation of the Eighth Amendment for failure to protect).[1]

Plaintiff acknowledges that the two state law claims (Counts 1 and 2) should be dismissed following the Eighth Circuit's opinion in an interlocutory appeal finding that Defendant Woodruff was entitled to official immunity as to the two state-law claims at the motion-to-dismiss stage. (Doc. 64 at 1.)  Counts 1 and 2 are accordingly **DISMISSED**.

---

[1] The Court previously dismissed Count 3 which asserted a claim against the Missouri Department of Corrections for respondeat superior liability.  (Doc. 35 at 4-5.)  The Court also previously dismissed Counts 5 and 6 as being incorporated under the Eighth Amendment claim in Count 4.

Thus, the sole-remaining claim for summary judgment is Count 4, asserting a claim for violation of Plaintiff's Eighth Amendment rights under a failure-to-protect theory of liability. Defendant Woodruff argues that he is entitled to qualified immunity as to this civil rights claim.[2]

## I. Judgment on the Pleadings

The Court notes that because Defendant Woodruff's motion does not rely on material outside of the pleadings, the motion could be construed as a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure instead of a motion for summary judgment. More specifically, (1) Defendant Woodruff's "statement of uncontroverted material facts" only recites and refers to the allegations set out in Plaintiff's complaint, (Doc. 62); (2) Defendant Woodruff's brief explicitly references "Rule 12(b)(6)"—the same standard that would apply to a Rule 12(c) motion for judgment on the pleadings; and (3) Defendant Woodruff expressly asserts the argument that "Plaintiff Hall's Second Amended Complaint fails to establish Defendant Woodruff knew about a clearly established right, knew of the enemy listing, and did anything intentionally to cause harm." (Doc. 61 at 7-8.)

To the extent Defendant Woodruff intended to seek relief under Rule 12(c) for judgment on the pleadings rather than summary judgment, the Court notes that it previously denied Defendant Woodruff's motion to dismiss Count 4 on qualified immunity grounds on the face of the pleadings under Rule 12(b)(6). (Doc. 35 at 5-7.) Although Defendant Woodruff sought interlocutory appeal of the Court's motion-to-dismiss order, as to the official immunity ruling, Defendant Woodruff did not appeal the Court's qualified immunity ruling as to Count 4. Accordingly, to the extent Defendant Woodruff's motion could be construed as a motion for judgment on the pleadings, it would be denied for the same reasons previously set out in the Court's order denying his motion to dismiss on qualified immunity grounds.[3]

---

[2] Defendant Woodruff's summary judgment reply brief asserts that he also seeks qualified immunity as to Count 5 and Count 6, (Doc. 71 at 1), even though both were previously dismissed at the motion-to-dismiss stage, (Doc. 35 at 8).

[3] For the reasons explained below, however, the Court concludes that Defendant Woodruff is entitled to qualified immunity to the extent the motion is construed as a motion for summary judgment. Unlike a motion for judgment on the pleadings, a motion for summary judgment looks beyond the face of the pleadings and considers the summary judgment record as submitted to the Court.

2

## II. Summary Judgment

Although there is some apparent ambiguity, both parties treat the motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The Court proceeds accordingly. Defendant Woodruff argues that he is entitled to qualified immunity because (1) "Plaintiff has failed to show that Defendant Woodruff had any knowledge of the enemy offender listing regarding Plaintiff Hall and Mr. Townsend," and (2) "Defendant Woodruff had no knowledge of the enemy status with Mr. Townsend." (Doc. 61 at 6.)

### A. Defendant Woodruff's Burden as Summary Judgment Movant

Plaintiff initially argues that Defendant Woodruff failed to satisfy his initial burden as summary judgment movant. The Court disagrees, in relevant part. Under Rule 56(a), a party moving for summary judgment must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." While a party moving for summary judgment does have the "initial responsibility of informing the district court of the basis for its motion" and to "identify the portions of the record that it believes demonstrate the absence of a genuine dispute of material fact," the Eighth Circuit has recognized that this burden "is 'far from stringent' and 'regularly discharged with ease.'" *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018) (quoting *St. Judge Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001)).

A defendant moving for summary judgment may satisfy his initial burden (1) by "produc[ing] evidence negating an essential element of the nonmoving party's case," or (2) by "show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial."[4]  *Id.*  Defendant Woodruff has done so

---

[4] The Court does agree with Plaintiff that (under the first alternative) Defendant Woodruff failed to satisfy the initial burden of "producing evidence negating an essential element of the nonmoving party's case." Defendant Woodruff's factual assertion that he "had no knowledge of the enemy status with Mr. Townsend" was not included in the statement of material facts nor supported by any citation to the record. *See* Rule 56(c); Local Rule 56.1(a). Instead, Defendant Woodruff attached to his reply brief an affidavit attesting that (1) he "was unaware of any enemy status with Mr. Ahmad Townsend and Plaintiff Hall" when he placed Mr. Townsend in Plaintiff's cell, and (2) he "was unaware th[at] Plaintiff Hall had submitted an Enemy Listing/Protective Custody Declaration" when he placed Mr. Townsend in Plaintiff's cell. (Doc. 71-1 at ¶¶ 3, 4.) The affidavit further includes that, "[h]ad I known, I would not have placed them in the same cell." (*Id.* at ¶ 5.) Defendant Woodruff's factual assertion (and supporting affidavit) should have been included in the initial motion to the extent the motion is properly construed as a motion for summary judgment. It was not. Defendant Woodruff's motion for summary judgment is therefore deficient to the extent his summary judgment argument rests on negating an essential element of Plaintiff's case. Nonetheless, for the reasons explained below, the Court finds that (under the second alternative) Plaintiff fails to raise a genuine dispute of material fact for trial, notwithstanding Defendant Woodruff's summary

3

here inasmuch as he argues that Plaintiff cannot show that he (Woodruff) had knowledge of the enemy listing regarding Plaintiff and Mr. Townsend and that he is therefore entitled to qualified immunity. Plaintiff has the burden to provide evidence showing a genuine dispute of material fact as to this issue to avoid summary judgment on qualified immunity grounds. *See Gilkerson v. Neb. Colocation Ctrs., LLC*, 859 F.3d 1115, 1118 (8th Cir. 2018); *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) ("Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." (internal quotation marks omitted)).

### B. Whether Defendant Woodruff is Entitled to Qualified Immunity

"At summary judgment, qualified immunity shields a law enforcement officer from liability in a § 1983 action unless: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional . . . right; and (2) the right was clearly established at the time of the deprivation." *Stark v. Lee County*, 993 F.3d 622, 625 (8th Cir. 2021) (internal quotation marks omitted). Only the first prong is at issue at this summary judgment stage.[5] As to the first prong, the Court's role is to determine if the facts—viewed in a light most favorable to Plaintiff—"demonstrate a constitutional violation." *Handt v. Lynch*, 681 F.3d 939, 945 (8th Cir. 2012).

As the Court previously noted, an Eighth Amendment failure-to-protect claim has two elements: (1) that Defendant Woodruff "knew there existed an objective, substantial risk of serious harm," to Plaintiff from Mr. Townsend, and (2) that Defendant Woodruff "was deliberately indifferent to that risk" of serious harm or injury. *Blair v. Bowersox*, 929 F.3d 981, 987 (8th Cir. 2019). To show deliberate indifference, Plaintiff must "demonstrate that [Defendant Woodruff] knew of the substantial risk of serious harm" to Plaintiff posed by Mr. Townsend whether by showing that Defendant Woodruff had "actual knowledge of the risk of harm" or that "the risk was

---

judgment pleadings and late-filed affidavit as to a summary judgment argument to negate an element of Plaintiff's case.

[5] Defendant Woodruff did not argue at summary judgment that the constitutional right asserted by Plaintiff—based on an Eighth Amendment failure-to-protect claim—was not clearly established. In denying qualified immunity at the motion-to-dismiss stage, the Court found that the constitutional right asserted was clearly established. Again, Defendant Woodruff did not challenge the Court's earlier denial of qualified immunity in his interlocutory appeal before the Eighth Circuit.

obvious enough to support the inference that [Defendant Woodruff] knew the risk existed." *Id.* It is not sufficient to show merely that Defendant Woodruff *should have known* in a metaphysical or abstract sense. Instead, Plaintiff "must . . . show that [Defendant Woodruff] had been exposed to information concerning the risk and thus must have known about it." *Id.* (internal quotation marks omitted).

To demonstrate that there is at least a genuine dispute of material fact whether Defendant Woodruff had actual knowledge or had been exposed to information that Mr. Townsend was a declared enemy or posed a specific threat to Plaintiff to demonstrate deliberate indifference to his safety, Plaintiff relies on:

(1) Plaintiff's affidavit attesting that he was awake when Defendant Woodruff was placing Mr. Townsend in Plaintiff's cell and that Plaintiff expressly told Defendant Woodruff that Mr. Townsend was "a declared enemy and could not be put in my cell" but that Defendant Woodruff still left Mr. Townsend in the cell and closed the door, (Doc. 64-2 at ¶¶ 4-7);

(2) MDOC's response to Plaintiff's administrative grievance following the attack, finding that "[e]vidence substantiates" Plaintiff's administrative grievance that "an offender on your enemy list was placed in the same cell with you," and which indicated that the "personnel matter" has been addressed, (Doc. 64-5);

(3) MDOC's failure to produce in discovery, as requested, the "evidence" referenced in the grievance response and policies or procedures concerning enemy listings; and

(4) the timing of Defendant Woodruff's pre-lawsuit retirement after counsel had requested records from MDOC regarding the attack.

### 1. Plaintiff's Summary Judgment Affidavit

In his summary judgment affidavit, Plaintiff attests that he expressly told Defendant Woodruff that Mr. Townsend was a "declared enemy" and could not be put in Plaintiff's cell as Defendant Woodruff was placing Mr. Townsend in the cell. Until this late summary judgment stage, however, Plaintiff has consistently maintained throughout the entirety of this litigation that he was asleep when Defendant Woodruff placed Mr. Townsend inside his cell and that Mr. Townsend attacked Plaintiff while Plaintiff was asleep. (*See, e.g.*, Doc. 1 at ¶¶ 8, 9, 13, 49 (initial complaint); Doc. 10 at ¶¶ 8, 9, 13, 53 (first amended complaint); Doc. 20 at ¶¶ 9, 10, 14, 54 (second amended complaint); Doc. 26 at 6 (motion-to-dismiss response brief).) Indeed, Plaintiff

maintained this position through the interlocutory appeal before the Eighth Circuit. *See* Appellee's Br. at 2, *Hall v. Woodruff*, 121 F.4th 1155 (8th Cir. 2024) (No. 24-1050).

Plaintiff suggests that the allegation that he was asleep was simply an error that was "the result of a misunderstanding between Plaintiff, who remains incarcerated, and counsel." (Doc. 64 at 7 n.4.) This assertion simply does not hold any water. Plaintiff suggests in support that the administrative grievance he filed with MDOC following the attack (as attached to his summary judgment motion) supports the facts as set out in his summary judgment affidavit. The administrative grievance states as follows:

> On July 19, . . . I was in the Ad-Seg Cell 3A1-10 at, or around 12:30 PM[.] I was sleeping in my cell, when COII Woodruff opened the cell door, without putting me in handcuffs, and placed my enemy in the same cell with me . . . . At that time I instantly feared for my life. Minutes later, I was struck in the face by Ahmaud Townsend. The assault continued, and the injuries documented is a direct result from the altercation . . . . When I seen COII Woodruff I immediately brought it to his attention that Ahmaud Townsend was a[n] enemy I had already declared and I needed to be seen by medical immediately.

(Doc. 64-4.) Rather than supporting Plaintiff's summary judgment affidavit, the administrative grievance is entirely (and more so) consistent with the complaint. The Court does not agree with Plaintiff that "[i]t is a fair inference from the content of the Plaintiff's grievance" that he told Defendant Woodruff that Mr. Townsend was a declared enemy while Mr. Townsend was being placed in Plaintiff's cell and before Mr. Townsend attacked Plaintiff.

Plaintiff's contradictory summary judgment affidavit that he told Defendant Woodruff that Mr. Townsend was a declared enemy as Mr. Townsend was being placed in his cell is insufficient to create a genuine issue of material fact at this critical stage of the litigation. *See Mountain Pure, LLC v. Bank of Am., N.A.*, 481 F.3d 573, 577 (8th Cir. 2007) (affirming district court's finding that affidavit submitted at summary judgment was contradictory to the complaint, among other parts of the record, and therefore was "insufficient to create a genuine issue of material fact" at summary judgment (internal quotation marks omitted)).

### 2. MDOC's Grievance Response

Plaintiff also argues that MDOC's response to his administrative grievance—finding that his grievance was "substantiated" by evidence—supports a reasonable inference that Defendant Woodruff "knew of" the danger posed to Plaintiff by Mr. Townsend for purposes of raising a triable issue of fact that he was deliberately indifferent to the risk of harm to Plaintiff from Mr. Townsend.

6

Plaintiff suggests that "[a] reasonable inference" from MDOC's grievance response is that the "evidence" reviewed by MDOC that substantiated Plaintiff's grievance "include[es] the allegation that Plaintiff had told Defendant [Woodruff] [that] Mr. Townsend was a declared enemy." (Doc. 64 at 7.) Again, the Court disagrees that it is a reasonable inference from Plaintiff's grievance that Plaintiff told Defendant Woodruff that Mr. Townsend was a declared enemy prior to or at least contemporaneously with Mr. Townsend being placed into Plaintiff's cell. As set out above, the grievance on its face states that (1) Plaintiff was sleeping when Defendant Woodruff opened the cell door and put Mr. Townsend in the cell with Plaintiff and (2) that after Plaintiff had been attacked he then "immediately brought it to [Defendant Woodruff's] attention that Ahmaud Townsend was a enemy I had already declared and I needed to be seen by medical immediately." (Doc. 64-4.) While the Court's responsibility at summary judgment is to view the evidence in a light most favorable to Plaintiff and to grant "all justifiable inferences" in Plaintiff's favor, the Court need not "accept unreasonable inferences or sheer speculation as fact." *Davis v. City of Little Rock*, 122 F.4th 326, 329 (8th Cir. 2024) (internal quotation marks omitted). MDOC's conclusion that Plaintiff's grievance that "an offender on [his] enemy list was placed in the same cell with [him]" was "substantiated," without something more, does not raise a genuine issue of material fact as to Defendant Woodruff's actual knowledge as to a risk or danger to Plaintiff from Mr. Townsend when he placed Mr. Townsend in Plaintiff's cell. *See Johnson v. Schurman*, 145 F.4th 897, 904 (8th Cir. 2025).

### 3. MDOC's Discovery Response

Plaintiff also attempts to rely on an adverse inference arising from MDOC's asserted failure to produce in response the relevant policies and procedures regarding declared enemies or assignment of cells, among other discovery materials requested under a subpoena issued by Plaintiff in this litigation. Defendant Woodruff does not substantively address this argument and thus does not appear to dispute Plaintiff's suggestion that, among other materials requested to be produced, MDOC did not produce the relevant policies and procedures which do exist. (*See also* Doc. 64-3 at 2, 3 (Defendant Woodruff's interrogatory response that "there are policies and procedures in effect relating to Enemy Listings," although he "do[es] not recall any specific policies").)[6]

---

[6] It appears that very limited discovery was conducted in this case. Moreover, Plaintiff did not raise any issue concerning the completeness of Defendant Woodruff or MDOC's discovery/subpoena responses

Even to the extent Plaintiff could be entitled to (or the Court would grant at trial) an adverse inference instruction, "an adverse inference instruction can defeat summary judgment [only] when coupled with sufficient record evidence." *Vogt as Trustees for Heirs of Vogt v. MEnD Correctional Care, Inc.*, 113 F.4th 793, 798 n.2 (8th Cir. 2024). In other words, "[a]n adverse inference instruction standing alone is insufficient to defeat summary judgment." *Id.* Here, because Plaintiff has not otherwise shown any genuine dispute of material fact as to Defendant Woodruff's actual knowledge of Mr. Townsend's enemy status when he placed Mr. Townsend in Plaintiff's cell for purposes of showing deliberate indifference, the potential adverse inference instruction is not sufficient alone to defeat summary judgment.

Moreover, *even if* a jury could conclude that MDOC has policies and procedures in place regarding enemy listings and cell placement, the failure to follow such policies or procedures, as a matter of law, does not per se demonstrate deliberate indifference. *Francisco v. Corizon Health, Inc.*, 108 F.4th 1072, 1078 (8th Cir. 2024). However, where an officer knows of a "specific threat" to an inmate, failure to follow policy may be evidence of deliberate indifference. *See Johns v. Schurman*, 145 F.4th 897, 905 (8th Cir. 2025). Ultimately, "[w]hen evaluating whether an officer deliberately disregarded a risk, courts consider the officer's actions in light of the information he possessed at the time, the practical limitations of his position, and alternative courses of action that would have been apparent to an official in that position." *Vogt*, 113 F.4th at 798 (internal quotation marks omitted; quotation modified). In this case, any "hypothesis" about MDOC's policies and procedures regarding enemy listings and cell assignments "would fail to satisfy the onerous standard of culpability required for a deliberate indifference claim" based on Defendant Woodruff's failure to protect Plaintiff from Mr. Townsend, even as a declared enemy. *Id.* (internal quotation marks omitted).

### 4. Timing of Defendant Woodruff's Retirement

Finally, Plaintiff suggests that the timing of Defendant Woodruff's retirement—which occurred prior to this litigation albeit after plaintiff counsel began requesting documentation and seeking to enforce requests for documentation from MDOC—shows that his retirement "was related to the fact that he knew of the enemy declaration." (Doc. 64 at 9.) Plaintiff suggests that the "timeline of events . . . would allow a reasonable jury to infer Defendant Woodruff was forced

---

at any earlier point in this litigation prior to summary judgment.

to retire because of his putting Mr. Townsend in Plaintiff's cell despite knowing Plaintiff had declared him an enemy." The timing of Defendant Woodruff's retirement—whether as occurring five months after Plaintiff's grievance was sustained by MDOC or one month after plaintiff counsel sent a follow-up e-mail to MDOC to obtain certain records and shortly after which MDOC submitted its response to plaintiff counsel—without something more is insufficient to raise a genuine issue of material fact for trial. Sheer speculation is not enough to defeat summary judgment. *Davis*, 122 F.4th at 329. As explained above, MDOC's grievance response standing alone does not raise a genuine issue of material fact as to Defendant Woodruff's *actual knowledge* of Mr. Townsend's designated enemy status. In the same way, Defendant Woodruff's retirement is insufficient as well. Plaintiff provides no evidence to support this summary assertion.[7]

## Conclusion

Therefore, after careful consideration and review, and for the reasons explained above, the Court concludes that Defendant Woodruff is entitled to qualified immunity. Plaintiff has failed to point to any admissible evidence raising a genuine issue of fact for trial that Defendant Woodruff knew of and disregarded a substantial risk or threat to Plaintiff's safety posed by Mr. Townsend. The Court accordingly **ORDERS** that (1) Counts 1 and 2 are **DISMISSED** (based on official immunity) following the Eighth Circuit's opinion in the interlocutory appeal, and (2) as to Count 4, Defendant Woodruff's motion for summary judgment (based on qualified immunity), (Doc. 60), is **GRANTED**.

  **IT IS SO ORDERED**.

         s/ Roseann A. Ketchmark
         ROSEANN A. KETCHMARK, JUDGE
         UNITED STATES DISTRICT COURT

DATED: May 18, 2026

---

[7] As noted above, the parties both appear to have conducted only very limited discovery in this case. As best the Court can tell, other than a subpoena to MDOC, the only discovery Plaintiff sought as to Defendant Woodruff was one set of interrogatories and a request for production of documents, propounded following the interlocutory appeal. (*See* Doc. 53.) No other certificates of service were filed in this case. *See* Local Rule 26.3(b) ("A party must file a certificate of service when it serves any discovery document."). Thus, it does not appear that any depositions were held, whether of Defendant Woodruff or anyone else. None of Plaintiff's interrogatories directed to Defendant Woodruff as represented in the summary judgment record appear to touch on the circumstances surrounding his retirement. (*See generally* Doc. 64-3.)